+

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIE WELLS, | ) | No.  EDCV 04-1543-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On December 28, 2004, Julie Wells ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. On January 21, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on June 30, 2005, defendant filed an Answer to Complaint.  On September 14, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

# BACKGROUND

On March 15, 2002, plaintiff filed an application for disability insurance benefits. (Administrative Record "AR"] at 67-69). Plaintiff alleged that beginning on August 1, 2002, she was unable to work because she suffered from the following impairments: manic depression and severe chronic migraine headaches. (AR at 82). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 30-35, 38-42).

On or about November 14, 2002, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 43). On May 22, 2003, the ALJ conducted a hearing in San Bernardino, California. (AR at 271-331). Plaintiff appeared at the hearing and testified. (AR at 273-318). William W. Smith, a lay witness, testified on behalf of plaintiff. (AR at 318-23). Patrick E. Hartley, a vocational expert, also appeared and testified. (AR at 323-28). On March 16, 2004, the ALJ conducted a second hearing in San Bernardino, California. (AR at 332-59). Plaintiff appeared at the hearing with counsel and testified. (AR at 335-51). Sandra Fioretti, a vocational expert, also appeared and testified. (AR at 352-58).

On July 30, 2004, the ALJ issued his decision denying benefits. (AR at 12-26). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments within the meaning of the Social Security Regulations: migraine headaches; hypertension well-controlled on medications; mild obesity; lipoma, base of neck; and bipolar disorder. (AR at 17). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ concluded that plaintiff

retained the residual functional capacity to perform work at a medium exertional level with the following nonexertional limitations: never climbing ladders, ropes, or scaffolds except in an emergency; avoiding concentrated exposure to dangerous moving machinery, electric shock, radiation, and unprotected heights; no loud work environments, or exposure to lighting brighter than normal office lighting; and mentally limited to unskilled work, with no more than average stress, and with no close or frequent interpersonal contact with the public. (AR at 18). While the ALJ opined that plaintiff could not return to her past relevant work, he concluded that plaintiff retained the residual functional capacity to perform a full range of medium work reduced by nonexertional limitations. (AR at 23-24). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 24).

On October 5, 2004, plaintiff filed a request with the Appeals Council for a review of the ALJ's decision. (AR at 6). The Appeals Council subsequently affirmed the ALJ's decision. (AR at 3-5).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1.  The ALJ failed to properly consider the lay witness testimony.

2.  The ALJ failed to propound a complete hypothetical to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial

evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. (Id. at 140). At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. (Id. at 140-41). Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. (Id. at 141). If the impediment meets or equals

4

one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Bowen, 482 U.S. at 141. If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. (Id. at 142). The claimant is entitled to disability benefits only if he is not able to perform such work. (Id.).

**B.    Whether The ALJ Considered The Testimony Of The Lay Witness**

Plaintiff alleges that the ALJ failed to address the statements of plaintiff's witness, William W. Smith, who testified at the hearing regarding his observations of plaintiff's impairments. (AR at 318-23). The Commissioner concedes that the ALJ did not discuss Smith's testimony in his decision, but argues that the error was harmless. Plaintiff contends that the ALJ's failure to discuss Smith's testimony requires the Court to remand the case for the ALJ to properly consider Smith's lay witness testimony.

Where an ALJ discounts a lay person's testimony, he must give reasons germane to each witness for doing so. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (a "germane reason" to reject lay witness testimony is that it conflicts with medical evidence); see also Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

Friends and family members who are in a position to observe a claimant's symptoms and daily activities are competent to testify as to the claimant's condition. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)("Disregard of this evidence violates the Secretary's

5

regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work.") (citing 20 C.F.R. § 404.1513(e)(2)). Moreover, the testimony of persons who see the claimant less often, while not as significant, still carries "some weight." See Dodrill, 12 F.3d at 918-19.

In this case, it is unclear from Smith's testimony how often he had contact with or observed plaintiff. Smith testified that he knew plaintiff through their involvement in Emotions Anonymous, a "self-help 12 step group."[1] (AR at 319-20). The group generally meets once a week. Thus, while Smith's testimony would have had some weight, the testimony would not carry the same weight as the testimony of a friend or family member who had the opportunity to observe plaintiff on a daily basis.

Additionally, Smith testified that he observed plaintiff go through mood swings "a couple times in a week," which seemed to affect her ability to make decisions. Smith testified that plaintiff also seemed to get discouraged. (AR at 321-23). In his decision, the ALJ neither acknowledged Smith's testimony nor offered reasons for rejecting or ignoring his testimony. Plaintiff told the ALJ at the hearing that she did not have specific areas in which she wanted Smith questioned, but that she "really brought him for support, just, you know... to be here to be supportive." (AR at 321).

///

---

[1] "Emotions Anonymous is a twelve-step organization, similar to Alcoholics Anonymous. Our fellowship is composed of people who come together in weekly meetings for the purpose of working toward recovery from emotional difficulties. EA members are from many walks of life and are of diverse ages, economic status, social and educational backgrounds. The only requirement for membership is a desire to become well emotionally." See http://www.emotionsanonymous.org.

1    Although the ALJ did not specifically address Smith's testimony,
2 the ALJ's error was harmless. See Curry v. Sullivan, 925 F.2d 1127,
3 1129 (9th Cir. 1991) (harmless error rule applies to ALJ's disability
4 determinations).  First, the weight that the ALJ could have attributed
5 to Smith's testimony was questionable, based on the limited exposure
6 Smith had to plaintiff and the substance of the testimony itself.
7 Smith testified only that plaintiff's mood swings seemed to affect her
8 decision-making.  (AR at 319-23).  Second, the ALJ's finding that
9 plaintiff could perform medium, unskilled work with no more than
10 average stress and no close or frequent interpersonal contact with the
11 public, was consistent with Smith's testimony.  Finally, plaintiff
12 admitted that Smith attended the hearing primarily to be supportive.
13 (AR at 321).  Thus, plaintiff is hard pressed to argue that the ALJ's
14 failure to consider Smith's testimony was fatal to her case.

15 **C.   Whether The ALJ Propounded A Complete Hypothetical To The**
16 **     Vocational Expert**

17    Plaintiff faults the ALJ for failing to consider plaintiff's
18 mental limitations in his assessment of plaintiff's residual
19 functional capacity.  In his decision, the ALJ limited plaintiff to
20 unskilled work, with no more than average stress and with no close or
21 frequent interpersonal contact with the public.  (AR at 18).
22 Plaintiff claims that such limitation did not encompass the finding of
23 Michael Skopec, M.D., a State Agency psychiatrist, who opined that
24 plaintiff had moderate difficulties in maintaining concentration,
25 persistence, or pace.  (AR at 264).  Such omission, plaintiff
26 contends, constitutes reversible error.

27    In accordance with his assessed nonexertional limitations, the
28 ALJ posed the following hypothetical to the vocational expert:

7

```
 1              I assume an individual of the same education and work
 2         history as the claimant, able to perform a limited
 3         range of medium work, able to lift and carry 25 pounds
 4         frequently and 50 occasionally, able to sit, stand, and
 5         walk at least six hours in an eight hour day.  Never
 6         able to climb ladders, ropes or scaffolds, except in an
 7         emergency.   Avoiding   concentrated   exposure   to
 8         dangerous, moving machinery, electric shock, radiation,
 9         and unprotected heights.  <u>Mentally limited to unskilled</u>
10         <u>work, with no more than average stress, and no close or</u>
11         <u>frequent interpersonal contact with the public.</u>  And
12         finally, because of headaches, no working in loud
13         environments, or in bright lights, by which I mean
14         lights brighter than normal office lighting.  That
15         would include a light table, a graphic designer's light
16         table.  So that's medium, never climbing ladders,
17         ropes, or scaffolds, except in an emergency, avoiding
18         concentrated exposure unprotected heights.  Mentally
19         limited to unskilled work with no contacts with the
20         public. No loud working environments or bright lights,
21         brighter than office lighting..... Assuming all of the
22         limitations of the hypothetical A, could the claimant
23         return to any of her past work, either as generally or
24         actually performed?
25  (AR at 325-26)(emphasis added).  At the second hearing on March 16,
26  2004, the ALJ posed essentially the same hypothetical to a second
27  vocational expert with respect to plaintiff's mental limitations:
28
```

| | |
|---|---|
| 1 | I'll assume an individual of the same[] education and |
| 2 | work history as the claimant, able to lift and carry 25 |
| 3 | pounds frequently and 50 pounds occasionally, able to |
| 4 | sit, stand, and walk for six hours in an eight hour |
| 5 | day, never climbing ladders, ropes, or scaffolds, |
| 6 | except in an emergency. Avoiding concentrated exposure |
| 7 | to dangerous, moving machinery, electric shock, |
| 8 | radiation, and unprotected heights. <u>Mentally limited</u> |
| 9 | <u>to unskilled work, with no more than average stress,</u> |
| 10 | <u>and no close or frequent interpersonal contact with the</u> |
| 11 | <u>public</u>. Finally, inviting – avoiding all exposure to |
| 12 | loud environments. I mean that – I mean loud in the |
| 13 | sense that the DOT defines it. No exposure to loud |
| 14 | environments or bright lights, by which I mean lighting |
| 15 | at a higher intensity than normal office lighting. |
| 16 | That would include a light box. Normal office lighting |
| 17 | is okay, and more than that is not. And by loud, I mean |
| 18 | loud in the sense of the DOT, examples being a can- |
| 19 | manufacturing department, large earth moving equipment, |
| 20 | or heavy traffic.... Assuming all those limitations, |
| 21 | could the claimant return to any of her past work, |
| 22 | either as actually or generally done? |

(AR at 354-55)(emphasis added). In response to their respective hypotheticals, both Mr. Hartley and Ms. Fioretti responded that plaintiff could not return to her past relevant work, but could perform other work on a full-time basis. (AR at 326-27, 355).

In order for a vocational expert's testimony to constitute substantial evidence, the hypothetical question posed must "consider

9

all of the claimant's limitations." Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995). While the ALJ need not include every alleged impairment in his hypothetical, he must make specific findings explaining his rationale for disbelieving any subjective complaints that are not included. Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). Furthermore, an ALJ is required to include limitations in concentration, persistence, or pace in the context of a hypothetical presented to a vocational expert.[2] See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996); Dade v. Commissioner, No. 93-0511, 1999 WL 1192727, at *3 (D. Or. Dec. 15, 1999); Rosario v. Shalala, 836 F. Supp. 257, 260 (E.D.Pa 1993).

Courts have held that an ALJ adequately considers a claimant's limitations in concentration, persistence, or pace when he incorporates testimony or refers to other evidence in the record referencing plaintiff's limitations, even if he does not explicitly state that each limitation exists. Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002); see also Howard v. Massanari, 255, F.3d 577, 582 (8th Cir. 2001)(finding that the ALJ's hypothetical limiting the claimant to simple, repetitive, and routine tasks adequately captured the claimant's deficiencies in concentration, persistence, or pace because it adopted the State agency physician's functional capacity assessment and the physician had noted those deficiencies in his assessment although the deficiencies were not specifically outlined in

---

[2] Concentration, persistence, or pace refers to "the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings. Limitations in concentration, persistence, or pace are best observed in work settings, but may also be reflected by limitations in other settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (c)(3).

1 the hypothetical); Brachtel v. Apfel, 132 F.3d 417, 421 (8th Cir.
2 1997)(finding that the ALJ's hypothetical limiting the claimant to
3 "simple routine repetitive work" without any mention that the claimant
4 "often" manifested deficiencies in concentration, persistence, or pace
5 included his deficiencies in concentration and pace because the ALJ
6 also restricted plaintiff from work requiring attention to detail and
7 work requiring more than a regular pace).[3]

8    In this case, the ALJ adopted Dr. Skopec's assessment that
9 plaintiff had moderate deficiencies in maintaining concentration,
10 persistence, or pace. (AR at 18). But the only mental limitation
11 that the ALJ included in his hypothetical to the vocational expert was
12 a limitation for "unskilled work, with no more than average stress,
13 and no close or frequent interpersonal contact with the public." (AR
14 at 354-55). This limitation does not address plaintiff's
15 concentration, persistence, or pace; i.e., her ability to sustain
16 focused attention and concentration long enough to permit the
17 completion of work tasks. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §
18 12.00(c)(3).

19    In contrast, the court in Brachtel, 132 F.3d at 421, found that
20 the ALJ's reference in a hypothetical to the ability to do "only
21 simple routine repetitive work, which does not require close attention
22 to detail" and a reference to the fact that the claimant "should not

---

[3] The Court notes that the limitation assessed by Dr. Skopec and adopted by the ALJ reflects that plaintiff suffered from deficiencies in concentration, persistence, or pace. The deficiency does not necessarily include all three areas; i.e. concentration, persistence, and pace. See, e.g., Brachtel, 132 F.3d at 421. As such, to the extent the hypothetical takes into account any one of these limitations – concentration, persistence, or pace -- the hypothetical adequately covers Dr. Skopec's assessment.

11

work at more than a regular pace," was sufficient to incorporate the ALJ's finding that the claimant would "often" manifest deficiencies of concentration, persistence, or pace. The court in <u>Brachtel</u> further distinguished its case, by noting it had just "scantly more" than the court had in <u>Newton v. Chater</u>, 92 F.3d 688, 695 (8th Cir. 1996). In <u>Newton</u>, the court found that where the hypothetical limited the claimant's capabilities to simple jobs, the hypothetical was insufficient to constitute inclusion of the limitation that the claimant "often" had deficiencies of concentration, persistence, or pace. <u>Id.</u> at 695. Here, the hypothetical also falls short. Accordingly, the Court finds that the matter should be remanded so that the ALJ may fully incorporate these nonexertional limitations in the hypothetical to the vocational expert.

**D.   <u>Remand Is Required To Remedy The Defects In The ALJ's Decision</u>**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. <u>McAlister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. <u>McAlister</u>, 888 F.2d at 603; <u>Rodriquez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, <u>see</u> <u>Gamble v. Chater</u>, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, <u>see</u> <u>Schneider v. Commissioner of the Social Security Administration</u>, 223 F.3d 968, 976 (9th Cir. 2000); <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir.

1996).

As stated above, the Court finds remand appropriate. On remand, the ALJ must present a hypothetical to the vocational expert that fully incorporates all of plaintiff's limitations, including the moderate limitations in concentration, persistence, or pace.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: February 2, 2006

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE